UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ALPHONSO WHIPPER,
    *Plaintiff*,

v.

SCOTT ERFE *et al.*,
    *Defendants*.

No. 3:18-cv-00347 (JAM)

**ORDER DENYING MOTION FOR RECONSIDERATION**

Plaintiff Alphonso Whipper has filed a motion for reconsideration with respect to those parts of the Court's initial review order, Doc. #17, 2018 WL 5618106, that dismissed Whipper's retaliation claims against Administrative Remedies Coordinator Selena Rious and District Administrator Angel Quiros, Whipper's Fourteenth Amendment claims, and Whipper's claims for injunctive relief against Quiros and Warden Scott Erfe. Because I conclude that Whipper has not alleged any facts or law that would justify granting reconsideration, I will deny the motion for reconsideration.

*Whipper's retaliation claims against Quiros and Rious*

Whipper's amended complaint alleged that Rious and Quiros retaliated against Whipper through their handling of Whipper's grievances arising from his placement in restrictive housing. Doc. #16 at 17–20 (¶¶ 104–10, 118–20). The Court dismissed Whipper's claims against these defendants on grounds that Whipper filed his first grievance after he had been released from segregation and thus too late for Rious and Quiros to remedy the placement, and also on grounds that Rious and Quiros were protected from a suit for damages by qualified immunity. Doc. #17 at 10–11 (citing *Young v. Choinski*, 15 F. Supp. 3d 172, 191–92 (D. Conn. 2014)).

1

Whipper now moves for reconsideration, contending he filed his first grievance while he was still in restrictive housing. Doc. #21 at 2 (¶ 2). Although Whipper is correct on this point of fact, *see* Doc. #16 at 8 (¶ 47), that does not warrant any change in the Court's conclusion that Whipper has failed to allege plausible grounds for relief against Rious and Quiros.

Whipper's allegations of misconduct against Rious and Quiros still involve actions that took place after Whipper was released from segregation on December 30, 2016. *See* Doc. #16 at 8 (¶ 52). Whipper's motion for reconsideration casts Rious's retaliatory acts as her failure to advance his grievance to the next level of review after the time for her to respond to the grievance had expired. Doc. #21 at 2–5 (¶¶ 2–8(C)). But Whipper's amended complaint pleads that the grievance only expired on February 1, 2017—*after* Whipper had been released from segregation. Doc. #16 at 11 (¶ 67). If Whipper means only to sue Rious for her conduct handling grievances after February 1, then she still was unable to remedy Whipper's unconstitutional placement in segregation through her handling of grievances at that time.

Similarly, while Whipper moves to reconsider my dismissal of the damages claim against Quiros, Doc. #21 at 5 (¶ 9), his amended complaint only alleges Quiros's involvement in the alleged retaliatory scheme beginning in March of 2017, *see* Doc. #16 at 12 (¶ 75). These acts also took place after any handling of Whipper's grievances could resolve his confinement.

At best, Whipper might mean to claim that Rious and Quiros failed to respond sufficiently quickly to his first grievance, filed while he was still in restrictive housing. But that argument still would not merit granting the motion for reconsideration. It remains the case that the law is unclear on whether rejecting an administrative grievance involves a defendant in an underlying constitutional violation. *See McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004); *see also Richardson v. Dep't of Corr.*, 2011 WL 710617, at *3 (S.D.N.Y. 2011) ("failure to

respond to a letter of complaint does not constitute the personal involvement necessary to maintain a section 1983 claim."). Absent clearly established law, Rious and Quiros remain entitled to qualified immunity from any suit for money damages arising from their alleged conduct. *See Poe v. Leonard*, 282 F.3d 123, 134 (2d Cir. 2002). Because Whipper sued Rious only for damages, this means she remains dismissed from the action entirely. *See* Doc. #17 at 11. As for Quiros, I now turn to Whipper's motion to reconsider my dismissal of the claims for injunctive relief against him below.

### *Whipper's claims for injunctive relief*

Whipper asks for injunctive relief against Quiros and Erfe, which I construe as a request to reconsider my dismissal of his claims for injunctive relief against them. Doc. #21 at 9 (¶ 23). I dismissed the claims for injunctive relief against both defendants because any claim for an injunction against a state official requires an allegation of an ongoing constitutional violation, and Whipper had only alleged a vague labeling as a "threat to safety and security." *See* Doc. #17 at 12–14 (citing *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 254 (2011)). Liberally construed, Whipper's motion may allege that being labeled a "threat to safety and security" has placed him in some sort of restrictive status in prison. *See* Doc. #21 at 10 (¶ 25(C)–(E)). But Whipper has not detailed what any of those restrictions are, nor has he shown why these issues could not previously have been asserted or why clear error or manifest injustice would result from adhering to the Court's prior decision. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). Accordingly, the Court adheres to its decision on that ground.

Whipper also appears to argue that the Court should reconsider its dismissal of his injunctive claims because Erfe could reinstate Whipper in his old job in the prison Maker Shop.

3

Doc. #21 at 10–11 (¶ 26(B)–(C)). I will deny Whipper's motion for reconsideration in this regard, because Whipper does not show how the loss of his old job constituted a constitutional violation, nor how being reinstated in that job would remedy one. Whipper alleges in his motion for reconsideration that his removal from the Maker Shop job only came after he "practiced his [c]onstitutional [r]ights." *Id.* at 11 (¶ 26(C)). But to make out a claim of retaliation, a plaintiff must show that a defendant took an adverse action against the plaintiff because of the plaintiff's constitutionally protected actions. *See Dolan v. Connolly*, 794 F.3d 290, 294 (2d Cir. 2015). Whipper alleges that Rious told him he would be unable to return to his old job regardless of the outcome of his grievances. Doc. #16 at 10 (¶ 63). But he does not explain why Rious told him this, or what the prison's justification was for refusing to allow him to return to his old job. Indeed, Whipper alleges that when Rious offered him a less desirable job as a garbage man, she explained that it was unrelated to the grievances he had filed. *Id.* at 10–11 (¶ 64). And while Whipper eventually took the less desirable job that Rious offered, he does not allege that Rious forced him to take the job, instead claiming only that he learned from an unnamed source after his meeting with Rious that he could receive a disciplinary report for refusing to do so. *Id.* at 11 (¶¶ 65–66). I am not persuaded that these facts, if true, plausibly show that Whipper was prevented from returning to his old job because of either his refusal to admit guilt to the disciplinary charges against him or the grievances he had filed. I will therefore deny Whipper's motion for reconsideration as to his claims for injunctive relief, and so the claims against Erfe and remaining claims against Quiros remain dismissed.

*Whipper's Fourteenth Amendment claims*

I will finally turn to Whipper's argument that the Court should reconsider its dismissal of his Fourteenth Amendment claims because he was held in administrative rather than disciplinary

4

segregation. Doc. #21 at 8 (¶¶ 20–21). Reconsideration is unwarranted, because even if Whipper is correct, administrative segregation determinations require less—rather than more—due process protections than do disciplinary segregation determinations. *See Proctor v. LeClaire*, 846 F.3d 597, 609 (2d Cir. 2017) ("Before confining an inmate in [administrative segregation], prison officials must provide 'some notice of the charges against him and an opportunity to present his views'" (quoting *Hewitt v. Helms*, 459 U.S. 460, 476 (1983))). Because Whipper received the process that was due for a disciplinary segregation determination, he also received the process due for an administrative one. Accordingly, I will deny Whipper's motion as to the dismissal of his due process claims.

## CONCLUSION

For the foregoing reasons, the Court adheres to its decision dismissing Whipper's retaliation claims against Rious and Quiros, dismissing Whipper's due process claims, and dismissing Whipper's claims for injunctive relief against Quiros and Erfe. The Court therefore DENIES Whipper's motion for reconsideration.

It is so ordered.

Dated at New Haven, Connecticut this 28th day of February 2019.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge